Jasen, J. (dissenting).
I dissent and vote to affirm the conviction of murder. Based on the uncontroverted facts and circumstances present here, the improper manner of rehabilitating one of the witnesses should not require a reversal. The defendant, in a signed statement, admitted that he was present at the scene of the crime and that he had stabbed the decedent three times. He also admitted that at the time he was wearing a brown coat. This confession was confirmed by the testimony of no less than three eyewitnesses. Each stated that he saw a young, tall man in a brown coat strike an elderly man, the decedent, with a knife. Moreover, Monserrat Rivera, one of the three eyewitnesses, specifically identified the defendant in court as the young, tall man he saw chasing an elderly man and stabbing him five times. The defendant offered no evidence and called no witnesses to refute the prosecution’s proof.
The majority recognizes that the only "issue of fact was and is whether defendant acted in self-defense.” As to this issue, there was substantial proof that the defendant was the aggressor. The decedent received five stab wounds, three of which involved vital organs. Disproving any assertion that the defendant had acted defensively, all of the eyewitnesses described how the young, tall man wearing a brown coat had chased and attacked the elderly victim.
The defendant does not challenge the admissibility of Rivera’s repeated in-court identification of the defendant as the young, tall man wearing a brown coat who had stabbed the decedent. Rather, he argues that the defendant was denied a fair trial by the People’s improper use of a prior out-of-court statement in attempting to rehabilitate part of Rivera’s testimony pertaining to having seen the defendant in the neighborhood prior to the stabbing. While I would hold that the method used by the prosecutor to rehabilitate Rivera was improper, a reversal of the conviction is not called for. In view of the defendant’s incriminating admission of stabbing the decedent three times, the jury could not conceivably have found that the defendant did not stab the decedent. The identity of the person stabbing the decedent is conceded. Thus, *123 the improper rehabilitation of Rivera as to whether he could have recognized the defendant’s face at the time of the stabbing based on having seen the defendant in the neighborhood prior to the stabbing was irrelevant to the accuracy of the descriptions of how the self-confessed young, tall killer, wearing a brown coat, actually stabbed the elderly decedent. The rehabilitation error does not even relate to the trial’s only real dispute—whether the young, tall man wearing a brown coat or the elderly decedent was the aggressor. Since there is no "significant possibility” that the jury’s conclusion would have been different if the rehabilitation had not occurred, the error was harmless and does not warrant a reversal of defendant’s conviction of murder. (People v Crimmins, 36 NY2d 230, 242.)
Judges Jones, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Jasen dissents and votes to affirm in a separate opinion in which Judges Gabrielli and Wachtler concur.
Order reversed, etc.